## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Randall L. Comstock, | Civil No. 13-1979 (JNE/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| United States of America, | |
| Respondent. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Petitioner Randall L. Comstock's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Comstock is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, serving a 180-month sentence imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). In his petition, he contends the sentencing court erred in using a previous conviction for attempted burglary to find he was a career offender under the ACCA, in contravention of *Descamps v. United States*, 133 S. Ct. 2276 (2013). The petition was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. As set forth below, the Court recommends that the petition be dismissed for lack of subject matter jurisdiction.

## I.    Factual and Procedural Background

On March 16, 2007, Comstock was convicted in the United States District Court for the Southern District of Iowa of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and being a drug user in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (Pet. at 5, July 22, 2013, ECF No. 1); *United States v. Comstock*, 531 F.3d 667, 670, 674 (8th Cir. 2008). The

presentence report (PSR) calculated the recommended sentencing guidelines range as 188 to 235 months. *Comstock*, 531 F.3d at 674. The PSR also determined that Comstock was subject to the ACCA because he had the following six prior convictions for violent felonies or serious drug offenses: "(1) felony delivery of cocaine; (2) felony distribution of narcotics; (3) operating a motor vehicle while intoxicated (OWI), second offense; (4) attempted burglary; (5) OWI, third offense; and (6) operating a motor vehicle without the owner's consent." *Id.* The ACCA provides for a mandatory fifteen-year minimum sentence to be imposed on individuals convicted of violating § 922(g), who have at least three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). In Comstock's case, the sentencing court imposed the ACCA's mandatory minimum sentence, but also agreed with the PSR that the applicable guidelines range was 188 to 235 months. *Comstock*, 531 F.3d at 674.

On direct appeal to the Eighth Circuit Court of Appeals, Comstock argued that his OWI convictions were not predicate offenses for the purpose of the ACCA, and that even if OWI convictions could be violent felonies in some circumstances, the government had not proven that Comstock's were. *Id.* at 678-79. The Eighth Circuit followed the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), which held that driving under the influence of alcohol is not a violent felony under the ACCA. *Comstock*, 531 F.3d at 679. Because Comstock had at least three other qualifying convictions, however, any error did not affect his substantial rights. *Id.*

Comstock's three other qualifying convictions were for felony delivery of cocaine, felony distribution of narcotics, and attempted burglary. *Id.* The attempted burglary conviction gives rise to Comstock's present application for habeas relief. Comstock was convicted in 1993 of attempted burglary in the third degree, in violation of Iowa Code § 713.6B. The 1993 version of

2

the statute provided: "All attempted burglary which is not attempted burglary in the first degree or attempted burglary in the second degree is attempted burglary in the third degree. Attempted burglary in the third degree is an aggravated misdemeanor." Iowa Code § 713.6B (1993).

After the Eighth Circuit affirmed Comstock's sentence, his next step was to file a 28 U.S.C. § 2255 motion in the sentencing court. One of the grounds raised was whether the attempted burglary crime described in Iowa Code § 713.6B was a violent felony. Mot. § 2255 at 5, *Comstock v. United States*, Case No. 4:09-cv-00186-RP (S.D. Iowa filed May 8, 2009), ECF No. 1.[1] Comstock argued that Iowa Code § 713.6B was ambiguous and explained that he had received only a suspended sentence and eighty hours of community service for the conviction. Pet'r's Pro Se Brief at 20, *Comstock*, Case No. 4:09-cv-00186-RP (S.D. Iowa May 8, 2009), ECF No. 1-2. Thus, he argued, the sentencing court erred in finding his attempted burglary conviction a predicate offense under the ACCA. *Id.* The sentencing court rejected Comstock's argument, finding it had properly used the modified categorical approach and examined records related to the 1993 burglary conviction in sentencing Comstock.[2] *Comstock*, Case No. 4:09-cv-00186-RP, slip op. at 2-3 (S.D. Iowa Feb. 21, 2012), ECF No. 37.

---

[1] The Court takes judicial notice of the filings in the Iowa case.

[2] When sentencing defendants under the ACCA, courts may use a "categorical approach" by which "[t]hey compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime— *i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The Supreme Court has also approved a variation of this approach, known as the "modified categorical approach," for use when the defendant previously violated a "divisible statute," or, a statute that "sets out one or more elements of the offense in the alternative." *Id.* If one alternative element matches an element of the generic crime, but another does not, "the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.*

3

Approximately a year after Comstock's § 2255 motion was denied, the Supreme Court decided *Descamps v. United States*, 133 S. Ct. 2276 (2013), and held that the modified categorical approach to sentencing cannot be used when the statute of prior conviction is indivisible, that is, when the statute does not contain alternative elements. *Id.* at 2282-83. In that circumstance, the sentencing court must use the categorical approach and can consider only the fact of conviction and the statutory definition of the offense. *See United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014) (en banc).

On July 22, 2013, Comstock filed the present habeas petition. He argues that the sentencing court violated *Descamps* by using the modified categorical approach to determine that his 1993 burglary conviction qualified as a predicate offense under the ACCA.

## II.     Subject Matter Jurisdiction

A federal court may issue a writ of habeas corpus when a federal prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A challenge to the execution of a sentence arises under § 2241 and must be filed in the district of confinement, whereas a challenge to the legality of the sentence itself arises under 28 U.S.C. § 2255 and must be filed in the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). There is no federal subject matter jurisdiction over a federal prisoner's collateral challenge to his original sentence under § 2241, unless the prisoner affirmatively demonstrates that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1983) (per curiam) (quoting 28 U.S.C. § 2255(e)). The "inadequate or ineffective" test is sometimes referred to as the "savings clause," because it can save a § 2241 habeas petition from dismissal under § 2255's exclusive remedy

4

rule. *Mobley v. United States*, No. 14-cv-646 (DSD/SER), 2014 WL 1607458, at *2 (D. Minn. Apr. 17, 2014) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)).

Here, Comstock is attacking the legality of his sentence, not its execution, a point which he concedes. Thus, to proceed under § 2241, he must show that § 2255 "is inadequate or ineffective to test the legality of his detention." § 2255(e). Comstock bears the burden to establish inadequacy or ineffectiveness. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). To make this showing, "there must be more than a procedural barrier to bringing a § 2255 petition." *Id.*

> [A] § 2255 motion is not inadequate or ineffective merely because: (1) § 2255 relief has already been denied, (2) the petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) the petitioner has allowed the one year statute of limitations and/or grace period to expire.

*Id.* (quoting *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)) (internal quotation marks and alterations omitted).

Here, Comstock has already filed one § 2255 motion. However, he has not requested or been denied permission to file a second or successive § 2255 motion, nor has the sentencing court denied Comstock relief on his *Descamps* claim. "A petitioner cannot claim ineffectiveness until he unsuccessfully has attempted to gain relief in the sentencing court by means of a § 2255 petition." *DeSimone v. Lacy*, 805 F.2d 321, 323-24 (8th Cir. 1986) (per curiam). Moreover, when Comstock filed his § 2241 petition here, he was well within the one-year statute of limitations of § 2255(f)(3), and time is left on that clock even now.[3]

---

[3] *Descamps* was decided on June 20, 2013, less than one year ago.

5

Comstock argues that the law changed after his first § 2255 motion was denied, thus triggering the savings clause. It is true that, under certain circumstances, "[a] federal prisoner should be permitted to seek" relief pursuant to § 2241 when he "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). But *Descamps* did not adopt a new rule of law. *See Descamps*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *United States v. Davis*, --- F.3d ----, No. 13-3456, 2014 WL 2198509, at *5 (6th Cir. May 28, 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some courts had misconstrued."); *Jones v. Wilson*, No. 13-cv-2208 (JNE/JJK), 2014 WL 1874752, at *6 (D. Minn. Mar. 26, 2014), *adopted by* 2014 WL 1874847 (D. Minn. May 9, 2014). As the *Jones* court explained,

> In *Descamps* the Supreme Court was applying its existing precedent to determine that in the case before it the lower courts had erred when they applied the modified categorical approach instead of the categorical one. The result in *Descamps* is one dictated by prior precedent. *Descamps* did not break with the past to adopt a change in the law. . . . At best, Petitioner's claim here is that the federal sentencing court got it wrong when it used a modified categorical approach to classify him as a career offender on the basis of his 1994 conviction, but there is no basis to conclude that any such alleged mistake in sentencing now entitles Petitioner to the extraordinary remedy of habeas relief.

*Jones*, 2014 WL 1874752, at *6. Thus, the savings clause does not apply to Comstock's petition.

Moreover, even if *Descamps* did adopt a new rule of law, the new law has not been made retroactive by the Supreme Court. For the savings clause to apply to his sentencing claim, Comstock must show that the relevant Supreme Court precedent applies retroactively to cases on collateral review. *See In re Davenport*, 147 F.3d at 611; *Williams v. Warden, Fed. Bureau of*

6

*Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013) ("[F]or a sentencing claim to pass muster under the savings clause . . .[,] the claim must be based upon a retroactively applicable Supreme Court decision."); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) ("[T]he decision upon which the petitioner is relying must be retroactively applicable on collateral review."). A new rule of law "is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). *Descamps* itself does not provide for retroactivity, nor has any subsequent Supreme Court decision deemed it to apply retroactively. No lower court has applied *Descamps* retroactively on collateral review. *See, e.g.*, *United States v. Hastings*, No. 11-cr-0025 (RHK/FLN), 2014 WL 1584482, at *7 (D. Minn. Apr. 21, 2014) (denying § 2255 motion); *Baker v. Zych*, No. 7:13-cv-00512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (finding *Descamps* not retroactive in § 2241 proceeding and citing cases in accord); *Lee v. United States*, No. C12-0075-LRR, 2014 WL 1571287, at *2 (N.D. Iowa Apr. 18, 2014) (collecting cases). Accordingly, the fact that *Descamps* was issued after Comstock's first § 2255 motion does not pave the way for Comstock's § 2241 petition. *Descamps* must also apply retroactively on collateral review, and it does not.

Comstock next argues that § 2255 is inadequate or ineffective because he is "actually innocent" of being a career offender under the ACCA. He does not claim to be innocent of the predicate crime, but innocent based on *Descamps*. In the context of collateral review, however, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Because Comstock has not even argued, much less shown, that he is factually innocent of the predicate crime, he has not met his burden to establish that § 2255 is inadequate or ineffective. *See Tignor v. Maiorana*, Civ. No. 2:13-CV-12552014, 2014 WL 2547591, at *3 (W.D. La. June 4, 2014) (noting that "claims of actual innocence of being a

career offender under the savings clause" are not cognizable); *Lamkin v. McGrew*, No. CV 13-6563 AG (FFM), 2014 WL 2510861, at *6 (C.D. Cal. May 31, 2014) (finding that *Descamps* did not give rise to a claim of actual innocence).

In sum, Comstock has not shown that the savings clause of § 2255 applies, and subject matter jurisdiction over Comstock's § 2241 challenge to his sentence therefore does not exist. Accordingly, the petition should be dismissed.

## III.    Petitioner's Motions

In addition to Comstock's petition, there are two pending motions to address: Comstock's Motion to Grant Relief and Comstock's Motion to Enlarge Time. Through the first motion, Comstock simply asks the Court to grant his petition. Because the Court recommends that the petition be dismissed, the Court correspondingly recommends that the motion be denied. The second motion asks for a brief amount time in which to reply to Respondent's response. Comstock filed his reply only a few weeks late, and the Court has considered it. The Court therefore recommends that the motion for an enlargement of time be granted.

## IV.    Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    The Petition for Writ of Habeas Corpus (ECF No. 1) be **DISMISSED**;

2.    Comstock's Motion to Grant Relief (ECF No. 8) be **DENIED**; and

3.    Comstock's Motion to Enlarge Time (ECF No. 9) be **GRANTED**.


Dated: June 12, 2014

                                        *s/Jeanne J. Graham*
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 30, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.